EL PUEBLO ET AL., PETICIONARIOS, *v.* ARRILLAGA, DEMANDADO.

No. 207.—Resuelto en julio 13, 1922.

*Mandamus*—DEBER ADMINISTRATIVO—INTERÉS PÚBLICO.—Las cortes evitarán intervenir mediante *mandamus* en las relaciones domésticas, administrativas o internas de otro departamento del gobierno, especialmente cuando en el deber que se pretende hacer cumplir el interés del público es remoto o indirecto. El deber que trata de compelerse en este caso procede de la voluntad de un funcionario superior y el remedio por la desobediencia es la destitución.

ID.—ID.—FISCAL DE DISTRITO—TRASLADO A OTRO DISTRITO.—Puede expedirse el auto de *mandamus* para obligar al cumplimiento de cualquier acto que la ley

particularmente ordene como un deber resultante de un cargo, empleo o función pública, pero el deber de un fiscal de ausentarse del distrito para el cual fué nombrado no es uno impuesto especialmente por la ley.

Opinión personal del JUEZ ASOCIADO SR. WOLF.

En la opinión archivada por el Juez Sr. Franco Soto se hace una exposición cuidadosa de los hechos en los cuales me fundo.

El deber que aquí se trata de imponer es uno que surge de las relaciones entre dos funcionarios del gobierno y por tanto es puramente administrativo. Es una cuestión que surgió en la administración de la oficina del Attorney General y es ejecutiva. No hay envuelta ninguna relación directa con el público en general. Las cortes no deben intervenir mediante *mandamus* para ejercitar control en las relaciones internas de una oficina. La lectura que he hecho de las autoridades me convence de que las cortes generalmente evitarán intervenir en las relaciones domésticas, administrativas o internas de otro departamento del gobierno especialmente cuando en el deber que se pretende imponer el interés del público es remoto o indirecto. Algunas de estas consideraciones generales creo que han sido bien desarrolladas en la opinión del Juez Sr. Franco Soto.

La Ley de *Mandamus* prescribe que puede expedirse el auto para obligar al cumplimiento de un acto que la ley particularmente ordene como un deber resultante de un empleo, cargo o función pública. Como cualquier otro fiscal de distrito y tal vez cualquier abogado puede ser designado a cumplir con el deber que se pretende ordenar, considero que éste no es uno que resulta del empleo, cargo o función pública del puesto de Fiscal de Distrito de San Juan. Los deberes especialmente impuestos o resultantes del cargo de Fiscal de Distrito de San Juan corresponden a San Juan. El deber de ausentarse de su propia jurisdicción no es uno que resulta especialmente de su cargo, empleo o función pública, pero

asumiendo la facultad, es un deber impuesto por la orden de un jefe.

El deber a cuyo cumplimiento se trata de obligar, a pesar de las leyes escritas citadas por el Attorney General, es uno que procede de la voluntad de un funcionario superior, y no importa cuán recomendables puedan ser sus motivos. El remedio por la desobediencia en tal caso es la destitución. En los casos reportados que han sido citados, en tanto he tenido ocasión de examinarlos, cuando las cortes han dicho que la destitución no era un remedio adecuado existía una relación directa con el público envuelta y un deber particularmente ordenado por la ley independientemente de las órdenes de un jefe en particular.

Por razón de la naturaleza de los deberes del cargo de fiscal de distrito puede decirse que el cumplimiento a que aquí se trata de compeler no es meramente ministerial sino que envuelve una discreción. Si el fiscal de distrito estuviera a mitad de la celebración de un juicio de una causa él no podría ser compelido mediante *mandamus* a abandonarlo. Cuando un fiscal de distrito debidamente nombrado puede tener casos que presentar y otros deberes que cumplir pertenecientes a su cargo, la cuestión de cuándo, cómo y de qué modo deberá él abandonar su cargo frecuentemente envuelve discreción. En el tomo 26 de Cyc., página 200, se dice que un fiscal no es un funcionario ministerial y por regla general no procederá el auto de *mandamus* para obligarle a actuar. Por lo menos antes de que una corte le ordene que abandone su puesto deberá estar segura de que no hay discreción envuelta. 18 R. C. L. 125, nota 18. Puedo concebir que una corte mediante *mandamus* ordene a un fiscal que vaya a su puesto pero no fuera del mismo. Si él no es una persona competente la separación es el remedio.

El Gobernador, que es el poder nominador, ha ordenado al fiscal que no vaya a Mayagüez. Surgió un conflicto res-

pecto a qué orden debía obedecer el fiscal. Este conflicto hace mayor la dificultad de resolver dónde está su deber, si en su puesto o en otra parte. Esta decisión envuelve discreción. Conozco las opiniones de los demás Jueces de que la orden del Gobernador dejó sin efecto la del Attorney General.

Por estas razones soy de opinión de que no debe expedirse el auto.